[Cite as *State v. McFeeture*, 2020-Ohio-801.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                    No. 108434

v.                                       :

HOLLY McFEETURE,                         :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 5, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-564265-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin and Anthony Thomas Miranda, Assistant Prosecuting Attorneys, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant Holly McFeeture appeals the decision of the trial court that denied her petition for postconviction relief. Upon review, we affirm the trial court's decision.

**Background**

{¶ 2} In 2013, a jury found appellant guilty of aggravated murder and contaminating a substance for human consumption. The convictions arose from the 2006 death of the victim, who was her fiancé. The state's theory was that appellant poisoned the victim by putting antifreeze in his iced tea. The defense claimed that the victim committed suicide.

{¶ 3} Prior to sentencing, appellant filed a motion for a new trial in which she claimed the state's failure to disclose impeachment material against one of the state's witnesses, Jamison Kennedy, who had been an informant in another murder case, was in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Kennedy testified during appellant's trial that he and appellant dated for a time, and that appellant had confessed to him that she put something in the victim's drinks, he got sick, and died. After their relationship soured, there was an incident where appellant called the police on Kennedy, and Kennedy subsequently was charged and convicted for assaulting the officers and was sentenced to prison.

{¶ 4} The trial court denied appellant's motion for a new trial. Appellant was sentenced to life in prison with parole eligibility after serving 30 years.

{¶ 5} On direct appeal, appellant's conviction was affirmed. *State v. McFeeture*, 2015-Ohio-1814, 36 N.E.3d 689 (8th Dist.). In discussing the motion for a new trial, the court did not agree that Kennedy's testimony was the "centerpiece of the state's case"; rather, it found that "the key witness in this case was the medical examiner" who "performed the autopsy and provided extensive testimony regarding

his findings showing [the victim] died of *chronic* intoxication of a chemical found in antifreeze, which ruled out suicide." (Emphasis sic.) *Id.* at ¶ 126. The court also recognized that Kennedy's credibility had been "very aggressively attacked" at trial, and determined "the undisclosed evidence would only furnish an additional basis to challenge his credibility, and therefore, it would be considered cumulative, not material." *Id.* at ¶ 127. The court further concluded that "this undisclosed information is not so material for *Brady* purposes as to give rise to a reasonable probability that the outcome of the jury trial would have been different if the information had been disclosed to the defense prior to trial." *Id.* at ¶ 129.

{¶ 6} On April 25, 2014, appellant filed a petition for postconviction relief.[1] Among other challenges, appellant claimed that "[t]he State failed to disclose evidence regarding Kennedy." Specifically, appellant argued that she was denied her constitutional rights to due process and a fair trial "because the State failed to comply with its affirmative disclosure obligations" pursuant to *Brady,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. Appellant claimed that "there is newly discovered evidence that Kennedy lied and the State should have reasonably known that Kennedy was giving perjured testimony." Appellant stated that "two separate individuals have come forward with information that Kennedy lied at trial" and argued that "[t]his new evidence requires an evidentiary hearing[.]" Appellant further argued that the state had "withheld information that Jamison Kennedy was

---

[1] Appellant's petition was titled "First Petition to Vacate or Set Aside Judgment of Conviction or Sentence."

their witness and an informant in another murder trial prior to serving as a government witness in this case."

{¶ 7} Appellant attached to her petition letters from two individuals, John Cline and Russell Newsome, both of whom claimed to have been incarcerated with Kennedy. The letters were sent to appellant in March and April 2014. Cline called Kennedy "a snitch" and referred to appellant as a "very pretty woman." He indicated that Kennedy told him "he was going to try to put you in prison" and admitted to him that "he was gonna do whatever it took to put you in prison." Newsome stated, "I'm not sure what is true or not, but I'm pretty sure he lied about you" and that "[Kennedy] said he made sure you got life."

{¶ 8} On March 12, 2019, the trial court denied appellant's petition for postconviciton relief. The court issued findings of fact and conclusions of law. With regard to appellant's claim that the state committed a *Brady* violation, the trial court concluded that "Petitioner has not shown that the State was in possession of these letters, and therefore, has not shown that the State suppressed this evidence under *Brady*." The court also found that the letters were not credible or material. Additionally, the court concluded that the claim that the state committed a *Brady* violation by failing to provide the defense with information that Kennedy had previously been an informant in another murder trial is barred by res judicata, noting that the exact issue had been overruled in *McFeeture*, 2015-Ohio-1814, 36 N.E.3d 689, at ¶ 129. The court also rejected the remaining arguments raised.

**{¶ 9}** Appellant has appealed the trial court's denial of her petition.[2]

**Law and Analysis**

**{¶ 10}** Under her sole assignment of error, appellant claims that the trial court's summary dismissal of her petition violated her right to due process. She argues that her petition demonstrated a genuine issue of material fact sufficient to warrant an evidentiary hearing because there was new evidence from two inmates that supported the defense's contention that Kennedy had committed perjury and lied about appellant's confession.

**{¶ 11}** "The postconviction relief process is a civil collateral attack on a criminal judgment, in which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting the issues is not contained in the record of the petitioner's criminal conviction." *State v. Curry*, 8th Dist. Cuyahoga No. 108088, 2019-Ohio-5338, ¶ 12, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905, and *State v. Carter*, 10th Dist. Franklin No. 13AP-4, 2013-Ohio-4058, ¶ 15. "[C]ourts are not required to hold a hearing in every postconviction case." *State ex rel. Madsen v. Foley Jones*, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 10 (citations omitted). Before granting a hearing on a petition for postconviction relief, "the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(D). "In making such a determination, the court shall consider, in addition to the

---

[2] Appellant subsequently filed a motion to stay the appeal because she filed a motion for leave to file a delayed motion for new trial in the trial court. This court denied the motion to stay.

petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner * * *." *Id.*

{¶ 12} A trial court's ruling on a petition for postconviction relief is reviewed for an abuse of discretion. *Curry* at ¶ 15, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. "The trial court does not abuse its discretion in dismissing a petition without a hearing if (1) the petitioner fails to set out sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims made in the petition." *Id.*, citing *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15.

{¶ 13} Appellant argues that the new evidence further supports her *Brady* claim. In *Brady*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, the United States Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. *Brady* is not implicated when the information "is not wholly within the control of the prosecution." *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir.1998). Further, the prosecution "is not required under *Brady* to furnish a defendant evidence which, with any reasonable diligence, he can obtain for himself." *United States v. Glass*, 819 F.2d 1142, 1987 U.S.App. LEXIS 7247, 6 (6th Cir.1987), citing *United States v. Davis*, 787 F.2d 1501, 1505 (11th Cir.1986) (1986).

{¶ 14} First, we find the trial court correctly determined that the claim that the state committed a *Brady* violation by failing to provide the defense with

information that Kennedy had previously been an informant in another murder trial is barred by res judicata. This issue was decided in *McFeeture*, 2015-Ohio-1814, 36 N.E.3d 689, at ¶ 129.

{¶ 15} Next, we find appellant has not demonstrated that any due process violation may have occurred. In this case, the government did not suppress favorable evidence in violation of *Brady* because the state did not possess the documents, which did not even exist at the time of trial. Also, there is nothing to suggest that the state knowingly used false testimony to obtain a conviction. *See Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) ("a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction* * *.") Further, we are unable to conclude the trial court abused its discretion in finding the statements made in the letters lacked credibility.

{¶ 16} Because appellant did not set forth credible operative facts to establish substantive grounds for relief, the trial court did not abuse its discretion in dismissing the petition without a hearing. Accordingly, appellant's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
RAYMOND C. HEADEN, J., CONCUR