[Cite as *State ex rel. Perry v. Santoli*, 2023-Ohio-720.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., DAVEION PERRY,   :

    Relator,          :

                                No. 112118

    v.                  :

ANDREW J. SANTOLI        :

    Respondent.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT GRANTED IN PART AND DENIED IN PART
**DATED:** March 7, 2023

---

Writ of Mandamus
Motion No. 559826
Order No. 562007

---

### *Appearances:*

Daveion Perry, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} On November 10, 2022, the relator, Daveion Perry, commenced this mandamus action to compel the respondent, Judge Andrew Santoli, to comply with R.C. 2953.21(H) and to issue Civ.R. 58(B) service language to a December 15, 2017

judgment denying a motion for postconviction relief filed in the underlying case, *State v. Perry,* Cuyahoga C.P. No. CR-16-610816-A. On November 22, 2022, the respondent judge moved for summary judgment on the grounds of mootness: he issued findings of fact and conclusions of law denying the subject postconviction relief petition with Civ.R. 58(B) service language. Perry filed his brief in opposition on December 12, 2022. For the following reasons, this court denies the motion for summary judgment in part and issues the writ of mandamus to endorse Civ.R. 58(B) service language to the December 15, 2017 entry but denies the mandamus to issue findings of fact and conclusions of law.

### Factual and Procedural Background

{¶ 2} Between October 14-16, 2016, Perry engaged in a three-day crime spree. During his first armed robbery, Perry killed a 15-year-old boy working at a Mr. Hero restaurant owned by the victim's family in Cleveland Heights, Ohio. The restaurant's video surveillance system recorded the incident. Perry committed two more armed robberies in the succeeding days. Video surveillance also recorded the second robbery. Law enforcement, pursuing him leaving the third robbery, arrested him on October 16, 2016. His family immediately retained counsel for him. The next day while he was in the custody of the Cleveland Heights Police Department, Perry accepted a plea deal on his counsel's advice: the state agreed not to seek the death penalty for aggravated murder, if Perry made a full confession, pleaded guilty to the charges brought against him, and accepted a sentence of life without parole for his offenses.

{¶ 3} On October 21, 2016, the grand jury indicted him for aggravated murder, five counts of aggravated robbery, four counts of kidnapping, two counts of felonious assault, breaking and entering, obstructing official business, and tampering with evidence. On October 26, at the arraignment, the trial court conducted a full guilty plea colloquy with Perry, after which he pleaded guilty to the full 15-count indictment. Perry answered "yes" when asked if he was satisfied with his counsel's performance. At the sentencing hearing, two days later Perry apologized to the victim's family. The trial court imposed the agreed sentence of life without parole eligibility for the aggravated murder offense, to be served consecutive to six years in prison for the firearm specifications. The remaining counts were either merged or given concurrent terms.

{¶ 4} On December 29, 2016, Perry moved for a delayed appeal, and this court granted the motion and appointed counsel. *State v. Perry*, 8th Dist. Cuyahoga No. 105307, 2017-Ohio-7324. However, appointed counsel after reviewing the record could not find a good faith argument and moved to withdraw from representation pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court allowed Perry to submit his own brief, in which he argued the following: (1) The municipal court lacked subject-matter jurisdiction to adjudicate felony charges and to accept his guilty plea; (2) The municipal court lacked jurisdiction to accept the guilty plea when the criminal complaint containing the charges to which he pleaded guilty was not filed until after the plea was presented to him; (3) The trial court erred in accepting a plea of guilty based upon

an invalid plea agreement entered in municipal court; (4) The trial court failed to meet all of the requirements of Crim.R. 5 and 11 prior to accepting his plea of guilty; and (5) The trial court erred in sentencing him based upon an invalid plea agreement entered in the municipal court.

{¶ 5} This court granted the appellate attorney's motion to withdraw and dismissed the appeal. It reasoned that its own independent review showed that the trial court conducted a thorough plea colloquy, that Perry's trial counsel was effective, and that the trial court imposed the agreed prison sentence. Furthermore, the record showed that Perry's guilty plea was properly taken in the Cuyahoga County Common Pleas Court and not the Cleveland Heights Municipal Court. *Perry,* 8th Dist. Cuyahoga No. 105307, 2017-Ohio-7324.

{¶ 6} While his direct appeal was pending, Perry in April 2017, filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence," in which he argued the following: (1) The Cleveland Heights police issued an invalid search warrant, used excessive force, and conducted an unlawful arrest in violation of the Fourth Amendment; (2) He was induced into signing a plea agreement of life without parole before being indicted or a complaint issued in violation of the Fifth Amendment; (3) He received ineffective assistance of trial counsel because he did not investigate a defense of alibi and induced Perry to accept the plea agreement in violation of the Sixth Amendment; (4) The $1,000,000 bail was excessive because Perry could not afford to make bail in violation of the Eighth Amendment; and (5) The plea agreement is invalid because it was signed in municipal court that did have

subject-matter jurisdiction over the felony offense in violation of the Fourteenth Amendment.

{¶ 7} On May 3, 2017, the trial court denied the postconviction petition for lack of jurisdiction because the case was on appeal. Perry appealed that decision. In *State v. Perry,* 8th Dist. Cuyahoga No. 105807, 2017-Ohio-8324, this court reversed and remanded the case back to the trial court, because R.C. 2953.21(D) provides that a trial court shall consider a postconviction petition even if a direct appeal of the conviction is pending.

{¶ 8} On remand on December 15, 2017, the trial court issued a four-page journal entry, entitled "Ruling on Motion for Postconviction Relief," denying the petition. The trial judge reiterated the factual and procedural history, noting the completeness of plea hearing and the sentencing hearing, including "the chilling admissions by the defendant." The judge found that the actual video of the murder proved beyond any doubt Perry's guilt. The judge also ruled that Perry was offered every constitutional guarantee that can be afforded and that he was fully and ably represented. Thus, he denied the petition. The entry included a certificate of service but did not have the Civ.R. 58(B) endorsement directing the clerk to serve the entry upon all parties. Perry has not appealed this decision.

{¶ 9} On May 27, 2021, Perry filed a "Motion for Proper Notice," in which he moved the trial judge to order the clerk of courts to provide him with proper notice of the December 15, 2017 journal entry pursuant to Civ.R. 58(B). Then on June 8, 2021, Perry moved for findings of fact and conclusions of law for his 2017

postconviction relief petition. In this motion, he argued that without the required findings of fact and conclusions of law under R.C. 2953.21(H) he did not have a final, appealable order pursuant to *State v. Mapson,* 1 Ohio St.3d 217, 438 N.E.2d 910 (1982). He repeated the need for Civ.R. 58(B) language ordering service of the order.

{¶ 10} On June 21, 2021, the trial judge granted the motion and issued explicit findings of fact and conclusions of law denying Perry's 2017 postconviction relief petition. The trial judge also ordered the clerk pursuant to Civ.R. 58(B) to send a copy of the June 21, 2021 findings of fact and conclusions of law to Perry and to note its date of entry upon the journal. Perry appealed this order. *State v. Perry,* 8th Dist. Cuyahoga Nos. 110764 and 110954.[1]

{¶ 11} In deciding the postconviction relief petition appeal, this court first ruled that the December 15, 2017 journal entry denying the petition did not include findings of fact and conclusions of law as required by R.C. 2953.21(H). Nonetheless, the December 15, 2017 entry is a final, appealable order. In 2020, the Supreme Court of Ohio overturned *Mapson* in *State ex rel. Penland v. Dinklacker,* 162 Ohio St.3d 59, 2020-Ohio-3774, 164 N.E.2d 336. The Court ruled that the failure to issue findings of fact and conclusions of law does not affect the petitioner's ability to

---

[1] Perry appealed the denial of two entries. In 8th Dist. Cuyahoga No. 110764, he appealed the findings of fact and conclusions of law denying the postconviction relief petition. In 8th Dist. Cuyahoga No. 110954 he appealed the denial of a "Motion for Plain Error Pursuant to Crim.R. 52(B)."

appeal a judgment denying the postconviction relief petition. If the trial court failed to make the statutorily required findings of fact and conclusions of law, then the petitioner could raise that as an error on appeal.

{¶ 12} This court continued that because the trial court's 2017 order was final, the trial court did not retain jurisdiction to take further actions on Perry's petition, pursuant to *Noble v. Colwell,* 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989). Thus, because the trial court was without jurisdiction to issue the 2021 order; it was a nullity, and this court lacked jurisdiction to entertain an appeal from it. It dismissed the 110764 appeal.[2]

{¶ 13} Perry filed a motion for reconsideration on the grounds that he has been complaining for years that he never got proper service of the December 15, 2017 judgment. In response, this court replied:

> [T]he lack of proper service of the 2017 judgment pursuant to Civ.R. 58(B) tolled the time for an appeal. The record reflects that on May 27, 2021, appellant filed a "Motion for Proper Notice," requesting that the trial court provide him with proper notice of the December 2017 judgment pursuant to Civ. R. 58(B). The trial court granted appellant's "Motion for Findings of Fact and Conclusions of Law" and denied his "Motion for Proper Notice" as moot. The issue of whether appellant received proper notice of the December 2017 judgment was not litigated at the trial court, and more importantly, the Civ.R. 58(B) issue impacts the timeliness of an appeal but not the finality of a judgment. While the time for an appeal from the 2017 judgment may have been tolled due to a lack of proper service pursuant to Civ.R. 58(B), the tolling of the appeal time does not affect the final appealable nature of the 2017 judgment. To this date, appellant has not appealed from the December 2017 judgment.

---

[2] Perry appealed this decision to the Ohio Supreme Court, but then dismissed it on September 7, 2022.

{¶ 14} Perry filed another "Motion for Proper Notice and Service of Judgment entry" on September 26, 2022. The trial court has not ruled on that motion. Perry then commenced this mandamus action.

## Legal Analysis

{¶ 15} In the present case, Perry seeks a mandamus to compel the respondent judge to comply with R.C. 2953.21(H) and Civ.R. 58(B). The requisites for mandamus are well established: the relator must show by clear and convincing evidence (1) a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Although mandamus should be used with caution, the court has discretion in issuing it. In *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d, 141, 228 N.E.2d 631 (1967), paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider

the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless.

*Id.* at 161-162.

{¶ 16} Civ.R. 58(B) provides in pertinent part as follows:

When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

{¶ 17} App.R. 4(A) provides that a party who wishes to appeal shall file the notice of appeal within 30 days of the entry. However, App.R. 4(A)(3) provides that if the clerk has not completed service of the order with the three-day period prescribed in Civ.R. 58(B), the 30-day period begins to run on the date when the clerk actually completes service.

{¶ 18} In *State ex rel. Ford v. McClelland*, 8th Dist. Cuyahoga No. 100014, 2013-Ohio-4379, this court considered Civ.R. 58(B) in postconviction relief cases. It noted that because such petitions are civil in nature, Civ.R. 58(B) applies. The rule imposes on the judge the duty to direct the clerk to serve upon all parties notice of the judgment and to note service upon the journal. Similarly, the relator had the

right to notice pursuant to Civ.R. 58(B). Furthermore, the time for filing the appeal does not begin to run until the formal notice required by Civ.R. 58(B) is effected.

{¶ 19} The present matter has a very tortuous procedural posture. After pleading guilty, inter alia, to aggravated murder and aggravated robbery, Perry's direct appeal was dismissed pursuant to *Anders v. California*. Perry also filed a filed postconviction relief petition that the trial judge denied for lack of jurisdiction. Perry appealed that decision and obtained a ruling that the trial court had to rule on the merits of the petition. The trial court did that, issuing the four-page December 15, 2017 judgment, which was not explicitly in the form of findings of fact and conclusions of law. Moreover, the judge did not make the required Civ.R. 58(B) endorsement for service. That has left the appeal time for the December 15, 2017 judgment open. In May 2021, Perry filed a "Motion for Proper Notice" for Civ.R. 58(B) notice for the December 2017 judgment. The next month, he filed a motion for findings of fact and conclusions of law for his 2017 postconviction relief petition. On June 21, 2021, the respondent judge issued explicit findings of fact and conclusions of law and made the required Civ.R. 58(B) endorsement for the June 2021 judgment. However, on appeal this court ruled that the findings of fact and conclusions of law was a nullity because the trial court in 2017 had issued a judgment denying the petition. Any error as to the form of that judgment could be raised on appeal. Finally, the appeal time for the 2017 judgment has not commenced, because the trial court did not make the required Civ.R. 58(B) endorsement. This court must now resolve Perry's mandamus action.

{¶ 20} This court has ruled that the December 15, 2017 judgment is a final, appealable order that resolves Perry's 2017 postconviction relief petition; any further effort to resolve the merits of the petition is a nullity. Accordingly, the trial judge at this time has no authority to issue findings of fact and conclusions of law for the 2017 postconviction relief petition. To the extent that Perry seeks the respondent judge to issue findings of fact and conclusions of law for the petition, the claim is not well founded. The court grants the respondent judge's motion for summary judgment and denies the writ of mandamus for the findings of fact and conclusions of law claim. However, nothing in this opinion precludes Perry from arguing on appeal that the trial court erred in not issuing findings of fact and conclusions of law, and nothing in this opinion precludes this court from fully addressing that issue and ordering appropriate relief.

{¶ 21} However, the trial court never issued the Civ.R. 58(B) language for the December 15, 2017 judgment; the time for filing an appeal has never begun to run. Perry has filed two "Motions for Proper Service." One has remained pending since May 2021. *State ex rel. Ford v. McClelland* stated that filing such a motion, and, if necessary, appealing the denial of such a motion, is an adequate remedy at law that precludes mandamus. However, given the duty and right imposed by Civ.R. 58(B), the tortuous procedural posture of the case, and the desirability of resolving this matter, this court in the exercise of its discretion issues the writ of mandamus and orders the respondent judge to issue the Civ.R. 58(B) endorsement for the December 15, 2017 judgment.

{¶ 22} Accordingly, this court grants the respondent judge's motion for summary judgment in part and denies the writ of mandamus to issue findings of fact and conclusions of law for the 2017 postconviction relief petition; it denies the respondent judge's motion for summary judgment in part and grants the writ of mandamus for the respondent judge to issue the Civ.R. 58(B) direction for the December 15, 2017 judgment entry. Each side to pay its own costs; cost waived. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 23} Writ granted in part and denied in part.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

LISA B. FORBES, J., and
MARY J. BOYLE, J., CONCUR