[Cite as *State v. Perry*, 2023-Ohio-3883.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112548 |
| v. | : | |
| DAVEION PERRY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 26, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-610816-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee*.

Daveion Perry, *pro se*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Daveion Perry, pro se, appeals from the trial court's December 2017 judgment denying his April 2017 motion for postconviction relief. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} Perry is serving a life sentence in prison without the possibility of parole, a sentence that the trial court imposed after Perry pleaded guilty to aggravated murder, five counts of aggravated robbery, four counts of kidnapping, two counts of felonious assault, breaking and entering, obstructing official business, and tampering with evidence.

{¶ 3} This court previously summarized the events leading to Perry's convictions as follows:

> Between October 14–16, 2016, Perry engaged in a three-day crime spree. During his first armed robbery, Perry killed a 15-year-old boy working at a Mr. Hero restaurant owned by the victim's family in Cleveland Heights, Ohio. The restaurant's video surveillance system recorded the incident. Perry committed two more armed robberies in the succeeding days. Video surveillance also recorded the second robbery. Law enforcement, pursuing him leaving the third robbery, arrested him on October 16, 2016. His family immediately retained counsel for him. The next day while he was in the custody of the Cleveland Heights Police Department, Perry accepted a plea deal on his counsel's advice: the state agreed not to seek the death penalty for aggravated murder, if Perry made a full confession, pleaded guilty to the charges brought against him, and accepted a sentence of life without parole for his offenses.
>
> On October 21, 2016, the grand jury indicted him for aggravated murder, five counts of aggravated robbery, four counts of kidnapping, two counts of felonious assault, breaking and entering, obstructing official business, and tampering with evidence. On October 26, at the arraignment, the trial court conducted a full guilty plea colloquy with Perry, after which he pleaded guilty to the full 15-count indictment. Perry answered "yes" when asked if he was satisfied with his counsel's performance. At the sentencing hearing, two days later Perry apologized to the victim's family. The trial court imposed the agreed sentence of life without parole eligibility for the aggravated murder offense, to be served consecutive to six years in prison for the firearm specifications. The remaining counts were either merged or given concurrent terms.

*State ex rel. Perry v. Santoli*, 8th Dist. Cuyahoga No. 112118, 2023-Ohio-720, ¶ 2–3.

{¶ 4} From there, the case developed "a very tortuous procedural history" — *id.* at ¶ 19 — which has culminated (at least for now) in this appeal. This court has described that history in detail, most recently in *State ex rel. Perry v. Santoli*, 8th Dist. Cuyahoga No. 112118, 2023-Ohio-720 ("*Perry IV*").

{¶ 5} Our court dismissed Perry's direct appeal from his convictions after his appellate counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Perry filed his own brief in support of that appeal, raising arguments primarily directed at an alleged jurisdictional defect related to the Cleveland Heights Municipal Court.[1] In dismissing the appeal, this court reasoned that its own independent review showed that the trial court conducted a thorough plea colloquy, that Perry's trial counsel was effective, that the trial court imposed the agreed prison sentence, and that there was no merit to Perry's jurisdictional arguments. *State v. Perry*, 8th Dist. Cuyahoga No. 105307, 2017-Ohio-7324 ("*Perry I*").

---

[1] Perry argued the following: (1) The municipal court lacked subject-matter jurisdiction to adjudicate felony charges and to accept his guilty plea; (2) The municipal court lacked jurisdiction to accept the guilty plea when the criminal complaint containing the charges to which he pleaded guilty was not filed until after the plea was presented to him; (3) The trial court erred in accepting a plea of guilty based upon an invalid plea agreement entered in municipal court; (4) The trial court failed to meet all of the requirements of Crim.R. 5 and 11 prior to accepting his plea of guilty; and (5) The trial court erred in sentencing him based upon an invalid plea agreement entered in the municipal court. *Perry III*, 8th Dist. Cuyahoga No. 112118, 2023-Ohio-720, at ¶ 4.

{¶ 6} In April 2017, while that direct appeal was pending, Perry filed the motion at issue in this appeal. In the motion, styled as a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence," Perry argued the following: (1) the Cleveland Heights police issued an invalid search warrant, used excessive force, and conducted an unlawful arrest in violation of the Fourth Amendment; (2) he was induced into signing a plea agreement of life without parole before being indicted or a complaint issued in violation of the Fifth Amendment; (3) he received ineffective assistance of trial counsel because he did not investigate a defense of alibi and induced Perry to accept the plea agreement in violation of the Sixth Amendment; (4) the $1,000,000 bail was excessive because Perry could not afford to make bail in violation of the Eighth Amendment; and (5) the plea agreement was invalid because it was signed in a municipal court that did have subject-matter jurisdiction over the felony offense in violation of the Fourteenth Amendment.

{¶ 7} The trial court denied the petition in May 2017, but this court reversed and remanded the judgment based on a legal error in the court's decision. *See State v. Perry*, 8th Dist. Cuyahoga No. 105807, 2017-Ohio-8324 ("*Perry II*").

{¶ 8} On remand on December 15, 2017, the trial court issued a four-page journal entry, entitled "Ruling on Motion for Postconviction Relief," denying the petition. The trial judge reiterated the factual and procedural history, noting the completeness of the plea hearing and sentencing hearing, including "the chilling admissions by the defendant." The judge found that the actual video of the murder proved beyond any doubt Perry's guilt. The judge also ruled that Perry was offered

every constitutional guarantee that can be afforded and that he was fully and ably represented. Thus, the court denied the petition. The entry included a certificate of service but did not have a Civ.R. 58(B) endorsement directing the clerk to serve the entry upon all parties.

{¶ 9} At the time, Perry did not appeal the trial court's December 15, 2017 judgment entry denying his April 2017 motion for postconviction relief. But, pursuant to App.R. 4(A), the time for filing an appeal from the judgment did not begin to run because the formal Civ.R. 58(B) notice was never effected. *See Perry IV* at ¶ 19.

{¶ 10} On June 8, 2021, Perry moved for the entry of formal findings of fact and conclusions of law for the denial of his 2017 postconviction-relief petition. On June 21, 2021, the trial judge granted the motion and issued explicit findings of fact and conclusions of law denying Perry's 2017 postconviction-relief petition. The order purported to deny Perry's April 2017 petition again.

{¶ 11} Perry appealed that order, and this court held that the order denying the petition again was a nullity because the trial court in 2017 had issued a final, appealable order denying the petition and any error as to the form of that judgment could be raised on appeal. *State v. Perry*, 8th Dist. Cuyahoga Nos. 110764 and 110954, 2022-Ohio-2132 ("*Perry III*").

{¶ 12} Perry then sought and received a mandamus from this court, directing the trial court judge to issue the Civ.R. 58(B) endorsement for the December 15, 2017 judgment denying Perry's April 2017 postconviction motion.

*Perry IV* at ¶ 21–22. The trial court issued the Civ.R. 58(B) endorsement for the order on March 8, 2023.

{¶ 13} Perry now appeals the December 15, 2017 judgment denying his April 2017 postconviction motion. He raises the following four assignments of error:

> I. The trial court erred and abused its discretion, violating Perry's right to due process pursuant to the Fourteenth Amendment of the United States Constitution when the court failed to review Perry's evidence submitted with his timely petition for postconviction relief and failed to grant an evidentiary hearing before the filing of the findings of fact and conclusions of law.
>
> II. Perry's rights to due process and effective assistance of counsel were violated when trial counsel failed to investigate and discover the exculpatory information for the charge of aggravated murder, and for advising Perry to plead guilty as charged to it.
>
> III. Perry's rights to due process and effective assistance of counsel were violated when his trial counsel failed to investigate or discover the exculpatory evidence dealing with the Dollar General robbery on the night of October 16, 2016, failing to have the charges related to this section deleted from the plea agreement and indictment, and having Perry plead guilty to this charge.
>
> IV. Perry's rights to due process and effective assistance of counsel were violated when trial counsel failed to investigate and discover the exculpatory information for the two felonious assault charges against the Cleveland Heights Police, and for allowing them to be part of the plea agreement section.

{¶ 14} The present litigation is far from Perry's only attempt to undo his guilty plea.

{¶ 15} In 2017, Perry moved to withdraw his guilty plea. The trial court denied the motion on res judicata grounds and Perry appealed. *State v. Perry*, 8th Dist. Cuyahoga No. 106723, 2018-Ohio-4117, ¶ 7 ("*Perry V*"). In the motion, Perry argued that (1) the trial court lacked jurisdiction to accept his plea; (2) the trial court

did not comply with Crim.R. 11 in accepting his plea; (3) his due process rights were violated when he was compelled to enter into a plea agreement for offenses with which he had not yet been charged; and (4) the state breached the agreement when he was compelled to plead guilty to additional counts not contained in the written agreement. *Perry V* at ¶ 8.

{¶ 16} This court affirmed the denial of Perry's motion, holding that res judicata barred further consideration of those issues because "[a]ll of the arguments that Perry raised in his motion to withdraw his plea were raised, considered, and rejected in Perry's direct appeal." *Id.* at ¶ 11.

{¶ 17} In August 2018, Perry filed another motion to vacate his plea. He argued that his trial counsel was ineffective for many of the same reasons asserted in the present litigation: counsel advised him to plead guilty within a day of being retained, Perry was afraid that the state would pursue the death penalty for him, counsel "coerced" him into pleading guilty, and counsel failed to object to jurisdictional defects with the plea hearing. He argued that his counsel led him to "hopelessly believ[e] * * * that a plea deal was his only option."

{¶ 18} The trial court denied the motion, and this court affirmed that judgment on appeal. *State v. Perry,* 8th Dist. Cuyahoga No. 107596, 2019-Ohio-547 ("*Perry VI*").

{¶ 19} In January 2019, Perry filed a "motion to vacate conviction and suppress evidence," arguing among other things that his trial counsel had been ineffective in failing to raise a Fourth Amendment challenge before his plea. The

trial court denied the motion, and this court affirmed that denial on appeal. *State v. Perry,* 8th Dist. Cuyahoga No. 108258, 2019-Ohio-3668 ("*Perry VII*").

{¶ 20} This court has warned Perry on multiple occasions that his litigation conduct put him at risk of being declared a vexatious litigator.[2] *See Perry VI*, 8th Dist. Cuyahoga No. 107596, 2019-Ohio-547, at ¶ 12; *Perry VII*, 8th Dist. Cuyahoga No. 108258, 2019-Ohio-3668, at ¶ 8.

## I. Law and Analysis

<u>Assignment of Error I</u>

The trial court erred and abused its discretion, violating Perry's right to due process pursuant to the Fourteenth Amendment of the United States Constitution when the court failed to review Perry's evidence submitted with his timely petition for postconviction relief and failed to grant an evidentiary hearing before the filing of the findings of fact and conclusions of law.

<u>Assignment of Error II</u>

Perry's rights to due process and effective assistance of counsel were violated when trial counsel failed to investigate and discover the exculpatory information for the charge of aggravated murder, and for advising Perry to plead guilty as charged to it.

---

[2] In addition to the cases discussed above, we note that Perry has filed numerous mandamus actions in this court related to his criminal case. *See State ex rel. Perry v. McClelland*, 8th Dist. Cuyahoga No. 107535, 2019-Ohio-354 (mandamus action seeking to compel the trial court judge to issue a new sentencing journal entry and arguing that the original sentencing entry was not a final, appealable order); *State ex rel. Perry v. Byrd*, 8th Dist. Cuyahoga No. 109006, 2020-Ohio-34; *State ex rel. Perry v. O'Malley*, 8th Dist. Cuyahoga No. 109088, 2020-Ohio-1291, ¶ 5–6; *State ex rel. Perry v. Cleveland Hts. Mun. Clerk of Courts*, 8th Dist. Cuyahoga No. 109916, 2020-Ohio-5193, ¶ 17; *State ex rel. Perry v. Santoli*, 8th Dist. Cuyahoga No. 110713, 2021-Ohio-3354. Additionally, Perry filed and then voluntarily dismissed two other matters in this court. *State v. Perry*, 8th Dist. Cuyahoga No. 107470, Motion No. 519932 (Aug. 6, 2018); *State ex rel. Perry v. O'Malley*, 8th Dist. Cuyahoga No. 111447, Motion No. 557103 (Aug. 10, 2022).

Assignment of Error III

Perry's rights to due process and effective assistance of counsel were violated when his trial counsel failed to investigate or discover the exculpatory evidence dealing with the Dollar General robbery on the night of October 16, 2016, failing to have the charges related to this section deleted from the plea agreement and indictment, and having Perry plead guilty to this charge.

Assignment of Error IV

Perry's rights to due process and effective assistance of counsel were violated when trial counsel failed to investigate and discover the exculpatory information for the two felonious assault charges against the Cleveland Heights Police, and for allowing them to be part of the plea agreement section.

{¶ 21} We consider Perry's assignments of error together because they are intertwined. Through them, Perry argues that he is entitled to relief under R.C. 2953.21(A) because he has presented evidence outside of the record that his counsel was ineffective and his plea was therefore not valid. He also argues that the trial court should have granted a hearing on his petition.

{¶ 22} Even now, Perry continues to admit that he planned to rob Mr. Hero on October 14, 2016, that he followed through on that plan, and that he shot a fifteen-year-old child to death during the robbery. He further admits that, in exchange for his agreement to plead guilty to the indictment in this case, the state agreed to recommend a sentence of life imprisonment without the possibility of parole, as opposed to seeking the death penalty for him.

{¶ 23} Perry argues that his motion for postconviction relief should have been granted because his counsel allegedly coerced him into pleading guilty by stating — before Perry was formally charged and before discovery was

completed — counsel's belief that Perry would be convicted if he went to trial and receive the death penalty if convicted. Perry further alleges that this lawyer failed to investigate potential defenses and told him that his family could not afford counsel's services if the matter went to trial and therefore would have to find other representation unless Perry pleaded guilty. Perry supported his motion for postconviction relief with unsworn letters from his mother, his girlfriend, and himself.

{¶ 24} As this court has previously stated:

> "[C]ourts are not required to hold a hearing in every postconviction case." *State ex rel. Madsen v. Jones*, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 10 (citations omitted). Before granting a hearing on a petition for postconviction relief, "the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(D). "In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner * * *." *Id.*

*State v. McFeeture*, 8th Dist. Cuyahoga No. 108434, 2020-Ohio-801, ¶ 11.

{¶ 25} We review a trial court's decision on postconviction relief for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983); *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463.

{¶ 26} A trial court does not abuse its discretion in denying a petition for postconviction relief without a hearing if (1) the petitioner fails to set out sufficient

operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims made in the petition. *State v. Curry*, 8th Dist. Cuyahoga No. 108088, 2019-Ohio-5338, ¶ 15, citing *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15.

{¶ 27} After a careful review of Perry's petition, the exhibits submitted in support of the motion, and the files and records pertaining to the proceedings against Perry, we find that the trial court acted within its discretion in denying Perry's motion without a hearing.

{¶ 28} As an initial matter, many of the claims Perry raised in the motion were waived by his plea or are barred in the present appeal by res judicata or the law-of-the-case doctrine.

{¶ 29} "When a defendant enters a guilty plea, they generally waive all appealable errors that may have occurred unless those errors are shown to have precluded the defendant from entering a knowing and voluntary plea." *State v. Jabbaar*, 8th Dist. Cuyahoga No. 98218, 2013-Ohio-2897, ¶ 5; *State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5; *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus.

{¶ 30} "The doctrine of res judicata bars someone from raising a claim that could have been raised and litigated in a prior proceeding." *State v. Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶ 2. "[T]he law-of-the-case doctrine states that '"the decision of a reviewing court in a case remains the law of that case on all legal questions involved for all subsequent proceedings in the case

*at both the trial and reviewing levels.*"""" (Emphasis added in *Breaux*.) *State ex rel. Cherry v. Breaux*, 169 Ohio St.3d 376, 2022-Ohio-1885, 205 N.E.3d 450, ¶ 9, quoting *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).

{¶ 31} Because Perry pleaded guilty, he waived the arguments that (1) the Cleveland Heights police issued an invalid search warrant, used excessive force, and conducted an unlawful arrest in violation of the Fourth Amendment and (2) the trial court failed to review a case file that was delivered to the court prior to sentencing.

{¶ 32} He also waived the arguments that (1) the $1,000,000 bail set for him violated the Eighth Amendment and (2) the Cleveland Heights police "den[ied] him access to his family until after the plea agreement was signed." Nevertheless, we continue to consider these latter arguments in deciding whether Perry's plea was voluntary. Additionally, all four of these arguments could have been raised in the direct appeal, and they are therefore also barred by res judicata.

{¶ 33} Perry's argument that the plea agreement was invalid because it was signed in a municipal court that did not have subject-matter jurisdiction over the felony offense was raised and decided against him in the direct appeal. *Perry I*, 8th Dist. Cuyahoga No. 105307, 2017-Ohio-7324, at ¶ 12. Thus, this argument is barred by res judicata and the law-of-the-case doctrine.

{¶ 34} Similarly, his argument that he was induced into signing a plea agreement before being indicted and before a complaint was issued, in violation of

the Fifth Amendment, could have been raised and decided in the direct appeal. Thus, the argument is barred by res judicata.

{¶ 35} After setting aside these arguments, Perry's petition raises claims of ineffective assistance of counsel. Specifically, he argues that he received ineffective assistance of trial counsel because counsel did not investigate potential defenses and induced Perry to accept the plea agreement in violation of the Sixth Amendment.

{¶ 36} "A claim of ineffective assistance of counsel is generally waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing and voluntary." *State v. Slater*, 8th Dist. Cuyahoga No. 111536, 2023-Ohio-608, ¶ 55 (collecting cases).

{¶ 37} Perry alleges that his trial attorney "compelled" him to accept the plea agreement (1) without investigating an alibi defense, (2) "with repeated statements of 'losing trial and receiving the death penalty,'" and (3) without adequately explaining the charges to him "[n]or did he explain the lower and lesser-included offenses that Perry could have been convicted of * * *."

{¶ 38} We agree with the trial court that Perry's petition failed to set out sufficient operative facts to establish substantive grounds for relief, and we therefore conclude that it was not an abuse of discretion to deny the petition without a hearing.

{¶ 39} As an initial matter, Perry supported his arguments with three written, unsworn letters, among other things. While these documents are styled as "affidavits" and each bears a notary's signature, they do not contain notarial certificates indicating that the statements were made under oath or affirmation. An

affidavit is "a written declaration *under oath*, made without notice to the adverse party." (Emphasis added.) R.C. 2319.02. Because the statements contain no indication that they were made under oath or affirmation, we presume that they were unsworn. *See Ma v. Gomez*, 2023-Ohio-524, 209 N.E.3d 178, ¶ 4, fn.1 (8th Dist.); *State v. Beckwith*, 8th Dist. Cuyahoga No. 106479, 2018-Ohio-2227, ¶ 16, quoting *Pinkney v. Southwick Invests., L.L.C.*, 8th Dist. Cuyahoga Nos. 85074 and 85075, 2005-Ohio-4167, ¶ 23 ("'[A] notary's signature and seal are not a substitute for the formal swearing to the truth by the affiant when such is required for verification.'").

{¶ 40} "Unsworn letters are not admissible and should not be considered as part of a petition for postconviction relief." *State v. Wilson*, 8th Dist. Cuyahoga No. 98033, 2012-Ohio-4065, ¶ 8; *see also State v. Miller*, Slip Opinion No. 2023-Ohio-3448 (Kennedy, C.J., concurring in judgment only), ¶ 28–30 (reasoning that where a petitioner supported his petition with only an unsworn statement, he "failed to produce sufficient evidence to enable the trial court to determine whether there were substantive grounds for relief to grant a hearing").

{¶ 41} Because Perry did not submit evidentiary documents containing sufficient operative facts to demonstrate that his counsel was ineffective and that he was prejudiced by that ineffectiveness, the trial court acted within its discretion by denying the petition without a hearing. *See State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus.

{¶ 42} We also note that this court has already found that Perry's trial counsel was effective. In the direct appeal, Perry's appellate counsel presented three potential issues for *Anders* review, including that "the conduct of trial counsel denied Perry his right to effective assistance of counsel." *Perry I*, 8th Dist. Cuyahoga No. 105307, 2017-Ohio-7324, ¶ 10. After independently reviewing the record, this court found that "trial counsel was effective." *Id.* at ¶ 11.

{¶ 43} Even if Perry's argument is not barred by res judicata, and even if we were to consider the unsworn statements attached to his petition, we would affirm.

{¶ 44} Perry's argument that his trial counsel failed to investigate an alibi defense to the aggravated-murder charge is meritless. His mother wrote that Perry was "help[ing] out at my restaurant" from 3 p.m. to 9 p.m. on October 14, 2016. Perry seems to suggest that this statement presents an alibi for the Mr. Hero murder, which occurred at around 7:50 p.m. that day. But in this appeal, Perry admits that he committed that robbery and shot the boy to death while doing so. He admits "to acting reckless with a gun" and "being the cause of [the 15-year-old's] death." Far from showing that trial counsel was ineffective, the fact that Perry's mother vouched for his whereabouts at the time of the shooting only diminishes the credibility of her statement. Perry cannot possibly show that he was prejudiced by counsel's failure to investigate an alibi defense that he himself admits is not true.

{¶ 45} Perry's argument that his trial counsel coerced him into pleading guilty by leveraging the death penalty against him also fails. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions

in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674. The description of counsel's advice contained in the unsworn statements attached to his petition amount to defense counsel explaining — albeit in very strong terms — his professional opinion about the likely and dire result of a decision to forego a plea and proceed to trial.

{¶ 46} Sharron Weatherless wrote that "[t]he lawyer * * * said that Daveion would get the death penalty if he did not take a plea. He also told us that he and the detectives had convinced Daveion to take a deal because it would save his life, he also expressed his disbelief that Daveion actually was guilty."

{¶ 47} Serina Perry wrote that "[the attorney] told myself, my daughter, and Daveion's girlfriend that even though Daveion wanted to fight the case, they convinced him to a plea deal. He stated that Daveion would get the death penalty if he fought the case. He also let us [know] that if we had enough money he would help fight the case, but we were unable to pay the amount of money he was asking for, he informed us that someone else would have to take the case. Because our attorney was not willing to try the case there was no actual counsel and no effective way to fight the charges."

{¶ 48} Perry wrote that his attorney told him that "my family can't afford his assistance, and that you get what you pay for." The attorney also "stated to me that he would not help me in trial, that I would lose trial and get the death penalty and would die before I'm able to appeal, and re-fight the case." He also "told me that if I don't take the plea they would indict my girlfriend Sharron Weatherless."

{¶ 49} Considering that the Mr. Hero murder was captured on camera, that Perry admits to being the shooter, and that it is undisputed that the state only agreed to forego the death penalty in exchange for Perry's plea, we cannot say that Perry has overcome the presumption that trial counsel's advice was given in the exercise of reasonable professional judgment. The prosecutor stated at Perry's arraignment that the state "had an open and frank discussion" with counsel and "provided him full information of everything that we knew to that point in time" before the plea agreement was executed. Moreover, Perry acknowledges that at the time of his plea he was scared that the state was pursuing the death penalty for him. Because the state only agreed to take the death penalty off the table in exchange for Perry's plea, he cannot "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 89.

{¶ 50} Counsel's alleged statement that Perry would have to secure alternative representation if he went to trial because counsel's fee for representing him through trial would be beyond the means of his family is not coercive. Even taking these unsworn statements as true, counsel merely explained the cost of his services through trial and had a frank discussion that Perry could not afford those services. He explained that Perry could secure other representation if he wanted to proceed to trial.

{¶ 51} We see no reason to conclude that Perry's plea was coerced, even considering the short time between his arrest and the time he signed the plea agreement, the circumstances of his detainment, and the bail set in his case.

{¶ 52} Finally, Perry's argument that his trial counsel did not adequately investigate or explain the charges against him is not well-taken. Perry says that his trial counsel did not advise him that, to be convicted of aggravated murder, the state would have to prove that he purposefully killed the boy during the robbery. He says that his defense would have been that he did not intend to kill the boy, but rather fired a "warning shot" at the boy during the robbery that ended up killing him. He further argues that defense counsel should have advised him not to plead guilty to aggravated robbery of the Dollar General store and to the felonious-assault counts because he did not actually steal anything from that store or point or fire his gun at officers attempting to arrest him.

{¶ 53} The plea agreement that Perry signed specifically stated that Perry agreed to plead guilty to aggravated murder and states that Perry "did purposely cause the death of another." The agreement specifically stated that Perry committed aggravated robbery by having a deadly weapon on his person "in *attempting* or committing a theft offense." (Emphasis added.) The agreement also identified the elements of the felonious-assault charges. Perry received a copy of the indictment, which mirrored this charging language, and his counsel indicated on the record that he reviewed it with Perry and that Perry understood it. Perry answered "Yes" when asked whether he "had sufficient time to discuss this thoroughly with [defense

counsel], understanding your rights and what is going on here." He answered "No" when asked whether any threats or promises other than those set forth in the plea agreement had been made that caused him to agree to plead guilty.

{¶ 54} The unsworn, self-serving statements attached to Perry's petition do not set out sufficient operative facts, in light of the record and the trial court's thorough Crim.R. 11 colloquy, to establish that his counsel's advice prior to the plea made his guilty plea less than knowing and voluntary. Additionally, because Perry was admittedly primarily concerned with avoiding the possibility of receiving the death penalty, he has not shown that there is a reasonable probability that, but for counsel's alleged errors with respect to the aggravated-robbery and felonious-assault charges, he would not have pleaded guilty and would have insisted on going to trial. *Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, at ¶ 89.

{¶ 55} Moreover, while Perry says that a lesser-included offense to aggravated murder would fit the facts better, there is no guarantee that he would have been able to plead to a lesser-included offense. Indeed, the prosecutor and defense counsel agreed at the arraignment that there had been no plea offer made except the offer that Perry could plead straight-up to the indictment in exchange for an agreed sentence of life in prison without parole. In other words, Perry again cannot "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ketterer* at ¶ 89.

{¶ 56} Perry's arguments in support of his petition for postconviction relief were waived by his guilty plea, barred by res judicata or the law-of-the-case doctrine, or substantively meritless. We cannot say that the denial of his petition, even without a hearing, was an abuse of discretion.

{¶ 57} Before concluding, we address one final argument Perry raised — that the trial court erred by failing to issue findings of fact and conclusions of law when it denied Perry's petition in December 2017. A trial court must make findings of fact and conclusions of law to support its denial of a postconviction petition if it finds no grounds for granting relief. *E.g.*, *State v. McGraw*, 8th Dist. Cuyahoga No. 97839, 2012-Ohio-3692, ¶ 18. Here, the trial court issued a four-page decision when it denied his petition. The court thereafter issued formal findings of fact and conclusions of law in 2021, in response to Perry's motion for the issuance of findings and conclusions. While this court held that the trial court did not have jurisdiction in 2021 to issue a new final, appealable order denying Perry's April 2017 petition — *Perry III*, 8th Dist. Cuyahoga Nos. 110764 and 110954, 2022-Ohio-2132, ¶ 19–20 — we may properly consider those 2021 findings and conclusions in considering Perry's present appeal. Even if a trial court fails to issue findings of fact and conclusions of law initially, the court retains jurisdiction to issue such findings and conclusions to explain their judgment. *See McGraw* at ¶ 18. Put differently, the trial court had jurisdiction in 2021 to explain its December 2017 denial of the petition; it did not have jurisdiction to deny the motion again in 2021. Because the

trial court issued findings of fact and conclusions of law supporting its denial of Perry's petition, there is no reason to remand here.

{¶ 58} We, therefore, overrule Perry's assignments of error.

## II. Conclusion

{¶ 59} Having overruled Perry's assignments of error for the reasons stated above, we affirm.

It is ordered that the appellee recover from the appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR