[Cite as *State v. Cherry*, 2019-Ohio-4445.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.      29369 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELLIOT CHERRY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.      CR-2001-05-1091 |

DECISION AND JOURNAL ENTRY

Dated: October 30, 2019

---

HENSAL, Judge.

{¶1}    Elliot Cherry appeals a judgment of the Summit County Court of Common Pleas that denied his motion to vacate void sentence.  For the following reasons, this Court reverses.

I.

{¶2}    In 2001, a jury found Mr. Cherry guilty of one count of child endangering and one count of murder.  Although finding that the counts should merge, the trial court sentenced him to eight years on the child endangering count and fifteen years to life on the murder count.  It ordered the sentences to run concurrently.  Mr. Cherry appealed his convictions and sentence, but this Court upheld the trial court's judgment.  *State v. Cherry*, 9th Dist. Summit No. 20771, 2002-Ohio-3738.

{¶3}    In March 2019, Mr. Cherry moved to vacate his sentence, arguing that it is void because it imposed separate sentences for allied offenses.  The trial court denied Mr. Cherry's

motion because it concluded that his argument was barred under the doctrine of res judicata. Mr. Cherry has appealed, assigning as error that the trial court incorrectly denied his motion.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN DENYING APPELLANT'S MOTION TO VACATE VOID SENTENCES AS THEY ARE CONTRARY TO LAW.

{¶4} Mr. Cherry argues that the trial court's sentencing entry improperly sentenced him separately for allied offenses. Revised Code Section 2941.25 "is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct" and is "an attempt to codify the judicial doctrine of merger[.]" *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 11. It provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25.

{¶5} The Ohio Supreme Court has explained that a "conviction" for purposes of Section 2941.25 consists of a finding of guilt and the imposition of a sentence or penalty. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 17. "[O]nce the sentencing court decides that the offender has been found guilty of allied offenses of similar import that are subject to merger, R.C. 2941.25 prohibits the imposition of multiple sentences." *Id*. at ¶ 19.

{¶6} In *Williams*, the trial court determined at the sentencing hearing that one count of murder and two counts of aggravated murder merged into one of the aggravated murder counts.

In its sentencing entry, however, it imposed a sentence for each of the counts and ordered them to run concurrently. Although the court also wrote in its entry that the counts "merged into" one of the aggravated murder counts, the Ohio Supreme Court determined that there was error because the "imposition of concurrent sentences is not the equivalent of merging allied offenses." *Id*. at ¶ 7, 19, quoting *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, ¶ 17.

{¶7} Similar to *Williams*, the trial court in this case found at the sentencing hearing that the endangering-children count merged with the murder count. It stated that, although it "[was] not sure that there is any need to impose the 8 year sentence [for the endangering-children count], * * * the Court will do that." In its sentencing entry, the court imposed both an eight-year sentence for the endangering children count and a sentence of 15 years to life for the murder count. It wrote that the "sentences are concurrent for the reason that they are merged[.]" As the Ohio Supreme Court explained in *Williams*, however, concurrent sentences and merged sentences are not equivalent. *Id*.

{¶8} The trial court did not reach the merits of Mr. Cherry's motion to vacate because it concluded that his argument was barred under the doctrine of res judicata. The State argues that Mr. Cherry's motion was not reviewable because it had to be construed as an untimely petition for postconviction relief. In *Williams*, however, the Ohio Supreme Court held that, because the imposition of separate sentences for merged offense "is contrary to law" under Section 2941.25(A), "those sentences are void." *Id*. at ¶ 28. It also explained that void sentences "may be reviewed at any time, on direct appeal or by collateral attack." *Id*. at ¶ 22, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 30. It vacated Mr. Williams's sentence for the murder count and one of the aggravated murder counts over the objection of the dissenting justices, who argued that Mr. Williams's motion to correct sentence failed to comply with the

requirements of a petition for postconviction relief. *Id*. at ¶ 65-66 (Lanzinger, J., dissenting); *Id*. at ¶ 89 (Kennedy, J., dissenting).

{¶9} We conclude that, under *Williams*, Mr. Cherry's sentence for endangering children is void. Because Mr. Cherry was able to raise the issue at any time, we conclude that the trial court incorrectly denied his motion to vacate void sentence on the basis of res judicata. In light of our determination that Mr. Cherry's sentence is void, we must "reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against [Mr. Cherry]." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, paragraph two of the syllabus. Mr. Cherry's assignment of error is sustained.

III.

{¶10} Mr. Cherry's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ELLIOT CHERRY, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.