[Cite as *State ex rel. Cherry v. Breaux*, 2021-Ohio-3909.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. ELLIOTT
J. CHERRY

    Relator

    v.

SUMMIT COUNTY COURT OF
COMMON PLEAS JUDGE ALISON
BREAUX

    Respondent

C.A. No.  30076

ORIGINAL ACTION IN
MANDAMUS

Dated:  November 3, 2021

PER CURIAM.

{¶1}     Relator, Elliott Cherry, has petitioned this Court for a writ of mandamus to compel Respondent, Judge Alison Breaux, to vacate judgment she previously entered after holding a hearing.  Respondent has moved to dismiss pursuant to Civ.R. 12(B)(6).  Mr. Cherry replied to the motion to dismiss.  For the following reasons, this Court grants the motion to dismiss.

{¶2}     When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must generally presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party.  *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).  A petition can only be dismissed when, having

viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.

## Mr. Cherry's Complaint

{¶3}    Mr. Cherry filed a brief complaint and long memorandum in support of the complaint. The latter document covers much of the litigation history since Mr. Cherry was convicted in 2001 of child endangering and murder. According to the complaint, at the time he was originally sentenced, the trial court judge determined the offenses were allied offenses of similar import and the judge-imposed sentences on both counts.

{¶4}    Many years later, Mr. Cherry moved to vacate his sentences. After the trial court denied the motion, he appealed to this Court. Upon review, this Court sustained Mr. Cherry's assignment of error and remanded for the trial court to hold a new sentencing hearing at which the state must elect which offense it would proceed to sentencing on.

{¶5}    After the remand, the trial court held a hearing. Neither Mr. Cherry nor his retained attorney were present at the hearing, but an attorney was present on behalf of Mr. Cherry. The State elected the offense on which it would proceed for sentencing and argued that the trial court had no discretion on what sentence must be imposed. The trial court vacated the sentence for child endangering and concluded the sentence for murder would stand.

{¶6}    The memorandum includes a lengthy discussion of the mandate rule, but it is entirely a legal argument rather than setting forth any additional facts in support of the

complaint. The purpose of the discussion is to support Mr. Cherry's contention that the trial court failed to follow this Court's mandate.

{¶7} In short, Mr. Cherry's complaint alleges he was improperly sentenced, this Court agreed in his appeal, and this Court ordered a new hearing. The complaint further alleges that the trial court held a hearing, but not the kind of hearing Mr. Cherry thought was appropriate, and the trial court entered judgment at the conclusion of the hearing.

## Writ of Mandamus

{¶8} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). Relator must demonstrate all three elements for this Court to grant the writ of mandamus.

{¶9} Dismissal of a petition is appropriate if the claimant obviously cannot prevail on the facts alleged in it. *See, e.g.*, *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7. Mr. Cherry is not entitled to the writ of mandamus based on the facts alleged in the complaint.

{¶10} Mr. Cherry contends that mandamus is the appropriate remedy to require a trial court to comply with an appellate court's mandate, and we agree with that proposition. Mr. Cherry has not demonstrated, however, that the trial court did not comply with this Court's mandate. After this Court decided his appeal, the trial court

held a hearing at which it addressed Mr. Cherry's sentence. The trial court resolved the sentencing issue which Mr. Cherry had challenged on appeal.

{¶11} Mr. Cherry has tried to argue that the trial court disregarded this Court's mandate, which he does to try to make his argument appropriate for the writ of mandamus to provide a remedy. His true complaint, however, is that the trial court erred in the way it conducted the hearing. There is no dispute that the trial court conducted a hearing; Mr. Cherry acknowledges this in his complaint. Whether it conducted the hearing appropriately or not, it held the hearing. Accordingly, Mr. Cherry cannot show either of the first two prongs to be entitled to a writ of mandamus: respondent already held a hearing, so he has no clear legal right to a hearing and respondent has no clear legal duty to hold a hearing.

{¶12} With respect to the allegations of error in holding the hearing, mandamus will not lie because Mr. Cherry had an adequate legal remedy by way of direct appeal from the trial court's judgment. It is well-established that mandamus cannot be used as a substitute for appeal to challenge a trial court's alleged legal errors. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 11. Appeal from an adverse judgment constitutes an adequate remedy in the ordinary course of law. *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, ¶ 5. To the extent the trial court committed any error, appeal provided an adequate remedy to assert those claimed errors, and mandamus is not an appropriate remedy. *See, e.g., State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, ¶ 5.

{¶13} The motion to dismiss noted that Mr. Cherry had, in fact, appealed the trial court's decision and that this Court had affirmed. In his response, Mr. Cherry argued that this Court could not consider this in making a decision because it was outside the complaint. We have resolved this matter without considering Mr. Cherry's appeal, so we need not address that issue.

## Conclusion

{¶14} Because Mr. Cherry is not entitled to a writ of mandamus, the motion to dismiss is granted, and this case is dismissed. All outstanding motions are denied. Costs are taxed to Mr. Cherry.

{¶15} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
SUTTON, J.
CONCUR.

APPEARANCES:

ELLIOT J. CHERRY, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JOHN GALONSKI, Assistant Prosecuting Attorney, for Respondent.