[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cherry v. Breaux*, Slip Opinion No. 2022-Ohio-1885.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-1885

THE STATE EX REL. CHERRY, APPELLANT, *v.* BREAUX, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cherry v. Breaux*, Slip Opinion No. 2022-Ohio-1885.]

*Mandamus—Sentencing—Petition directing trial court to conduct new resentencing hearing was properly dismissed because petitioner had adequate remedy in ordinary course of law by way of direct appeal from modified sentencing order—Judgment affirmed.*

(No. 2021-1504—Submitted March 29, 2022—Decided June 7, 2022.)

APPEAL from the Court of Appeals for Summit County,

No. 30076, 2021-Ohio-3909.

_____

**Per Curiam.**

{¶ 1} Appellant, Elliott J. Cherry, an inmate of the Marion Correctional Institution, brought this action in the Ninth District Court of Appeals seeking a writ of mandamus ordering appellee, Judge Alison Breaux of the Summit County Court

of Common Pleas (the "trial court"), to hold a new sentencing hearing. Cherry claims that the Ninth District's mandate in an earlier appeal confers on him a clear legal right to a de novo sentencing hearing, and he maintains that the summary hearing that the trial court held did not comply with that mandate. The Ninth District dismissed, and we affirm.

## I. BACKGROUND

{¶ 2} In 2001, Cherry was convicted of child endangering and felony murder with child endangering as the predicate offense. *State v. Cherry*, 9th Dist. Summit No. 20771, 2002-Ohio-3738, ¶ 12 ("*Cherry I*"). The trial court found that the offenses were allied offenses of similar import and therefore merged them but nonetheless sentenced Cherry to 8 years' imprisonment for child endangering and 15 years to life imprisonment for murder. Because the offenses were merged, the trial judge determined that the sentences should run concurrently. In Cherry's appeal from the trial court's original judgment, the court of appeals found no error in the sentencing.

{¶ 3} In March 2019, Cherry moved to vacate the "void sentences." Relying primarily on our decision in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, Cherry argued that his judgment of conviction was void because separate sentences had been imposed for the merged offenses. The trial court denied the motion on res judicata grounds, and Cherry appealed. In *State v. Cherry*, 9th Dist. Summit No. 29369, 2019-Ohio-4445 ("*Cherry II*"), the court of appeals reversed and remanded. The appellate court agreed with Cherry that the judgment of conviction was void because only one sentence could be imposed for the merged offenses. The court of appeals concluded that because "under *Williams*, Mr. Cherry's sentence for endangering children [was] void * * * Cherry was able to raise the issue at any time," and that "the trial court incorrectly denied his motion to vacate [the] void sentence on the basis of res judicata." *Cherry II* at ¶ 9. Accordingly, the court of appeals reversed the judgment of conviction and

2

remanded " 'for a new sentencing hearing at which the state must elect which allied offense it will pursue against [Mr. Cherry].' " (Brackets added in *Cherry II*.) *Id*., quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph two of the syllabus. In its journal entry, the court of appeals included a "special mandate * * * directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution." 9th District Summit No. CR-2001-05-1091, Journal Entry at 4 (Oct. 30, 2019).

{¶ 4} The trial court convened a hearing in March 2020 on remand, at which an assistant prosecuting attorney represented the state and an attorney appeared on Cherry's behalf. The state elected that Cherry be sentenced on the felony-murder charge. Both the prosecution and defense counsel agreed that the sentence to be imposed was mandatory and, therefore, that no further hearing was necessary. Later that month, the trial court journalized an entry modifying the sentence:

> Pursuant to the holding in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 17, the State of Ohio elected to proceed to sentence on Count 4. Accordingly, the Court hereby voids the sentence previously imposed for Count 3.
>
> Defendant's indeterminate and mandatory sentence of 15 years to Life on Count 4, the offense of Murder, remains unchanged.

Summit County Court of Common Pleas No. CR-2001-05-1091 (Mar. 23, 2020).

{¶ 5} Cherry appealed from the modified sentencing order to the court of appeals, advancing two assignments of error. First, Cherry maintained that he was entitled to a de novo sentencing hearing that he could have personally attended, at which he could have allocuted and fully responded to the state's election of which offense would be the basis for sentencing. Second, Cherry claimed that he had been deprived of the right to be represented by counsel of his choice because the trial

court had allowed an attorney to appear on his behalf whom Cherry had not retained and who had not been appointed by the court to represent him.[1]

{¶ 6} The court of appeals rejected Cherry's arguments and affirmed the modified sentencing order. *State v. Cherry*, 9th Dist. Summit No. 29732, 2021-Ohio-1473 ("*Cherry III*"). Of central importance in *Cherry III* is the appellate court's decision to depart from its own mandate in *Cherry II* based on intervening authority from this court. The *Cherry III* court noted that "*Cherry II* is no longer good law in that, under more recent Ohio Supreme Court case law, Mr. Cherry's sentence was voidable (not void), rendering any challenge to that sentence in *Cherry II* barred by res judicata." *Cherry III* at ¶ 14, citing *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 26-27.

{¶ 7} Cherry brought this mandamus action in August 2021, asking the court of appeals to order the trial court to "vacate its previous judgment and hold the new sentencing hearing pursuant to *Whitfield* as mandated in [*Cherry II*]." In November 2021, the court of appeals dismissed Cherry's petition for a writ of mandamus, ruling that Cherry could not establish any of the elements of mandamus. 2021-Ohio-3909, ¶ 9-14. The court of appeals ruled that Cherry had an adequate remedy in the ordinary course of law through the direct appeal he had pursued in *Cherry III*. Cherry then appealed to this court.

## II. ANALYSIS

{¶ 8} To demonstrate entitlement to a writ of mandamus, Cherry must establish three things: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the trial court to grant that relief, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. "A court can dismiss a mandamus

---

1. Indeed, a different attorney had entered an appearance on Cherry's behalf before the resentencing hearing, but that attorney did not receive notice of the hearing.

action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. We review de novo an appellate court's decision to dismiss a mandamus action. *State ex rel. Sands v. Coulson*, 163 Ohio St.3d 275, 2021-Ohio-671, 169 N.E.3d 663, ¶ 6.

**{¶ 9}** Cherry predicates his mandamus claim on the law-of-the-case doctrine, which he refers to as the "mandate rule." Specifically, Cherry contends that the trial court had the legal duty to conduct a full de novo sentencing hearing in accordance with the court of appeals' mandate in *Cherry II*. Consistent with Cherry's argument, the law-of-the-case doctrine states that " 'the decision of a reviewing court in a case remains the law of that case on all legal questions involved for all subsequent proceedings in the case *at both the trial and reviewing levels*.' " (Emphasis added.) *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). Indeed, we have in rare cases granted prohibition or mandamus relief to remedy a violation of the doctrine. *See State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 32 (prohibition); *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32-33, 391 N.E.2d 343 (1979) (mandamus).

**{¶ 10}** In his brief, Cherry sets forth one proposition of law: "The Ninth Appellate District erred in ruling that the Appellant had an adequate legal remedy by direct appeal from the trial court's judgment, thereby granting Appellee's motion to dismiss." Cherry argues that an appeal has a different purpose than a mandamus action in that the former establishes legal rights while the latter enforces already established legal rights. Under Cherry's theory, because *Cherry II* established his legal right to a de novo sentencing hearing, mandamus lies to

enforce the appellate court's mandate and his right to appeal the modified sentencing order is irrelevant.

{¶ 11} Cherry is mistaken. Mandamus will not lie when there is an adequate remedy in the ordinary course of law, and Cherry's right to appeal the modified sentencing order constituted such a remedy, providing an adequate vehicle for Cherry's claim of a clear legal right under the *Cherry II* mandate. Therefore, the existence of Cherry's right of appeal precludes mandamus relief. *See State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, 126 N.E.3d 1118, ¶ 12. Additionally, we have held as a general matter that a direct appeal from a judgment of conviction constitutes an adequate remedy in the ordinary course of law that precludes extraordinary-writ relief from sentencing errors. *See State ex rel. Crangle v. Summit Cty. Common Pleas Court*, 162 Ohio St.3d 488, 2020-Ohio-4871, 165 N.E.3d 1250, ¶ 7, citing *State ex rel. Green v. Wetzel*, 158 Ohio St.3d 104, 2019-Ohio-4228, 140 N.E.3d 586, ¶ 10; *see also State ex rel. Harris v. Hamilton Cty. Clerk of Courts*, ___ Ohio St.3d ___, 2022-Ohio-477, ___ N.E.3d ___, ¶ 8.

{¶ 12} Finally, Cherry's claim for mandamus relief implicitly rests on the proposition that the court of appeals erred in *Cherry III* by not enforcing the mandate it had issued in *Cherry II*. But Cherry's right to pursue a discretionary appeal from the appellate court's judgment in *Cherry III* constituted an adequate remedy in the ordinary course of law to address any such error. *See State ex rel. O'Malley v. Collier-Williams*, 153 Ohio St.3d 553, 2018-Ohio-3154, 108 N.E.3d 1082, ¶ 13-15.

{¶ 13} We therefore conclude that the Ninth District correctly dismissed Cherry's mandamus petition because Cherry's appeal of the trial court's modified sentencing order in *Cherry III* constituted an adequate remedy in the ordinary course of law.

## III. CONCLUSION

**{¶ 14}** For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Elliott J. Cherry, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and John Galonski, Assistant Prosecuting Attorney, for appellee.

————————————