[Cite as *State ex rel. Chester v. Doherty*, 2024-Ohio-217.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
ISAAC CHESTER,

      Relator,

- vs -

THE HONORABLE:
BECKY L. DOHERTY,

      Respondent.

CASE NO. 2023-P-0077

Original Action for Writ of Mandamus

---

**P E R   C U R I A M**
**O P I N I O N**

Decided: January 22, 2024
Judgment: Complaint dismissed

---

*Isaac Chester*, pro se, PID# A791-522, Trumbull Correctional Camp, 5701 Burnett Street, P.O. Box 640, Leavittsburg, OH 44430 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} Pending before this court are: respondent, the Honorable Becky L. Doherty's, Motion to Dismiss filed on November 14, 2023; and relator, Isaac Chester's, Motion to Dismiss Respondent's Motion to Dismiss filed on December 1, 2023.

{¶2} On October 3, 2023, Chester filed a Complaint for Writ of Mandamus and, on December 1, 2023, a Complaint for Writ of Mandamus (Corrected).

{¶3} According to the Complaint (Corrected), Chester is the defendant in Portage County Court of Common Pleas Case No. 21CR00462, presided over by Judge Doherty. It is further alleged that, in the course of the criminal proceedings, Judge Doherty denied a Motion to Dismiss for Violating [his] Right to a Speedy Trial on August 10, 2021, and a Motion to Dismiss for Violating Criminal Rule 32 on August 10, 2022. Chester "prays for relief, and remedy in the form [of] Vacating the Conviction, and Dismissing the Charges in Case No. **2021-CR-462**, against Relator for Violating his Criminal Rule 32 Rights, and The Sixth Amendment of the Constitution, or be granted such other relief as the court deems necessary, and appropriate to the Relator[']s complaint."

{¶4} Pursuant to R.C. 2731.01: "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

{¶5} "To demonstrate entitlement to a writ of mandamus, [the relator] must establish: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the trial court to grant that relief, and (3) the lack of an adequate remedy in the ordinary course of law." *State ex rel. Cherry v. Breaux*, 169 Ohio St.3d 376, 2022-Ohio-1885, 205 N.E.3d 450, ¶ 8.

{¶6} As grounds for dismissal, Judge Doherty asserts that Chester had an adequate remedy in the ordinary course of law for challenging these adverse rulings by way of appeal. *State ex rel. Boyd v. Tone*, __ Ohio St.3d __, 2023-Ohio-3832, __ N.E.3d __, ¶ 13 ("direct appeal * * * constitutes an adequate remedy in the ordinary course of the law sufficient to defeat a request for a postconviction extraordinary writ").

2

Case No. 2023-P-0077

{¶7} Chester's response to the Motion to Dismiss largely focuses on the merits of the claim that his speedy-trial rights were violated. He has not demonstrated the inadequacy of appeal as well as postconviction proceedings, both of which he has pursued in the course of this matter.

{¶8} The "claim that [a relator] was denied his right to a speedy trial is not cognizable in an extraordinary-writ action." *State ex rel. Barr v. Pittman*, 127 Ohio St.3d 32, 2010-Ohio-4989, 936 N.E.2d 43, ¶ 1. Nor does Chester's claim that "[t]he Respondent has withheld complete transcripts that hold key dialogue to verify the injustices that the Relator was subjected to" render existing remedies inadequate. *Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 7 ("[t]he alternate remedy of appeal * * * was also not rendered inadequate by the alleged failure of his prison to provide certain records"). Chester was able to raise such arguments in the context of existing remedies.

{¶9} For the foregoing reasons, Judge Doherty's Motion to Dismiss is granted and Chester's Complaint is, accordingly, dismissed.


EUGENE A. LUCCI, P.J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.