[Cite as *State ex rel. Lewis v. McGrath*, 2024-Ohio-2561.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE EX REL. DALE M. LEWIS | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Relator | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DOUGLAS J. MCGRATH, | : | |
| MORGAN COUNTY SHERIFF, ET AL. | : | Case No. 24AP0006 |
| | : | |
| Respondents | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Writ of Mandamus


JUDGMENT:                          Granted in Part, Denied in Part


DATE OF JUDGMENT:                  July 3, 2024


APPEARANCES:

For Relator                                    For Respondent

BRIAN W. BENBOW                        JANNA C. WOODBURN
Benbow Law Offices, LLC.               Assistant Prosecuting Attorney
803 Taylor Street                      19 East Main Street
Zanesville, OH  43701                  McConnelsville, OH  43756

*King, J.*

{¶ 1}   On May 13, 2024, Relator Dale M. Lewis filed a Writ of Mandamus and Complaint Seeking Declaratory and Injunctive Relief. Lewis's complaint concerns Respondent Sheriff Douglas J. McGrath's denial of his application for the issuance of a concealed carry weapon (CCW) permit. Lewis's writ is granted in part and denied in part. His complaint requesting declaratory and injunctive relief is dismissed.

## I. Background

{¶ 2}   In his complaint for mandamus relief, Lewis alleges that on November 16, 2022, the Morgan County Common Pleas Court, in Case No. 22CV0135, granted him relief from his firearm disability. Thereafter, Lewis filed an application for a CCW permit. Lewis asserts that because he was relieved of his firearm disability, under R.C. 2923.125(D)(4), he now qualifies for the permit.

{¶ 3}   Sheriff McGrath orally denied Lewis's application. As part of the relief sought herein, Lewis maintains Sheriff McGrath was required, under R.C. 2923.125(D)(2)(b), to inform him of the grounds for the denial in writing. In his Motion to Dismiss, Sheriff McGrath acknowledges that he verbally denied Lewis's application because of his prior out-of-state felony convictions that remain on his criminal history.

{¶ 4}   On May 24, 2024, Sheriff McGrath filed a Motion to Dismiss. He contends Lewis has an adequate remedy at law by way of an appeal to the Morgan County Common Pleas Court.

## II. Analysis

A.    *Mandamus elements and Civ.R. 12(B)(6) standard*

{¶ 5}   For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and the relator must have no plain and adequate remedy in the ordinary course of the law. (Citations omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983).

{¶ 6}   Sheriff McGrath moved to dismiss Lewis's writ of mandamus under Civ.R. 12(B)(6). "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 9. "Mandamus will not lie when there is an adequate remedy in the ordinary course of law." *State ex rel. Cherry v. Breaux*, 2022-Ohio-1885, ¶ 11.

B.    *Lewis has a clear legal right to written notice of the grounds for denial and Sheriff McGrath has a clear legal duty to provide the written notice.*

{¶ 7}   Among the relief requested by Lewis, he specifically requests that we compel Sheriff McGrath to issue a written decision regarding the grounds for the denial of his CCW application. We conclude that under R.C. 2923.125(D)(2)(b), Lewis has a clear legal right to this requested relief and Sheriff McGrath has a clear legal duty to perform the requested relief. The statute at issue provides, in pertinent part:

>If a sheriff denies an application under this section because the applicant does not satisfy the criteria described in division (D)(1) of this section, *the sheriff shall specify the grounds for the denial in a written notice to the applicant.* The applicant may appeal the denial pursuant to section 119.12 of the Revised Code in the county served by the sheriff who denied the application. * * * (Emphasis added.)

{¶ 8} Here, both parties agree that Sheriff McGrath did not issue a written notice to Lewis specifying the grounds for the denial of his CCW application. Per the statute, Lewis has a clear legal right to know, in writing, the grounds for the denial and Sheriff McGrath has a clear legal duty to provide, in writing, the grounds for denying Lewis's CCW application.

>C.      *Lewis has no plain and adequate remedy in the ordinary course of the law.*

{¶ 9} Lewis would have a plain and adequate remedy in the ordinary course of the law by way of an appeal under section 119.12 of the Revised Code if he had written notice specifying the grounds for Sheriff McGrath's denial. However, absent such written document, Lewis has no means to commence an appeal under this statute.

{¶ 10} Sheriff McGrath relies on the Ohio Supreme Court's decision in *State ex rel. Lee v. Karnes*, 2004-Ohio-5718 in support of his argument that Lewis has an adequate remedy at law. In *Karnes*, the sheriff denied an applicant's CCW application in a letter. *Id.* at ¶ 6. Instead of commencing an appeal under section 119.12 of the Ohio Revised Code, relator filed a writ of mandamus. *Id.* at ¶ 9. The Court determined that despite the error the sheriff made in denying the applicant's request for a CCW license, the relator was not entitled to the requested mandamus action because she had an adequate remedy

available to her as set forth in R.C. Chapter 2923.125(D)(2)(b). *Id.* at ¶ 38. The Court denied the writ concluding Karnes had not established her entitlement to the requested extraordinary relief in mandamus. *Id.* at ¶ 39.

{¶ 11} *Karnes* differs factually from the present matter. In *Karnes*, the applicant received written notice explaining the grounds for the denial of the application and therefore, had the ability to pursue an administrative appeal. Here, because Lewis never received a written notice containing the grounds for the denial of his CCW application, Lewis had no ability to pursue an appeal. Rather, his only option for relief was to pursue a mandamus action to require Sheriff McGrath to comply with his statutory duties and provide a written document containing the grounds for denying Lewis's CCW application.

> D.    *Lewis's remaining requests for mandamus relief and declaratory and injunctive relief are dismissed because Lewis has an adequate remedy at law and this Court lacks original jurisdiction to address declaratory and injunctive claims.*

{¶ 12} Lewis also seeks mandamus relief requesting that we compel Sheriff McGrath to issue a CCW permit to him and to initiate and maintain a written administrative appeals process regarding the denial of a CCW permit. Any challenges Lewis wants to make regarding these issues can be addressed in an administrative appeal under section 119.12 of the Revised Code. Therefore, he has an adequate remedy at law precluding the issuance of a writ of mandamus. "An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ." (Citation omitted.) *Shoop v. State*, 2015-Ohio-2068, ¶ 8.

{¶ 13} With regard to his request for declaratory/injunctive relief, Lewis requests the following: (1) declare Sheriff McGrath illegally deprived Lewis of a CCW permit; (2) declare Sheriff McGrath violated the law by failing to issue a written decision regarding

the denial of Lewis's CCW permit; (3) declare Sheriff McGrath violated the law by failing to have an appeals process regarding the denial of a CCW permit; (4) enjoin Sheriff McGrath from denying any further CCW applications orally; and (5) declare Sheriff McGrath be required to have a written administrative appeals process regarding CCW applications.

{¶ 14} The declaratory/injunctive relief sought by Lewis is inappropriate in an action for mandamus because we do not have jurisdiction to hear original requests for declaratory or injunctive relief. *State ex rel. Roseboro v. Franklin Cty. Bd. of Elections*, 32 Ohio St.2d 145, 147 (1972). ("This branch of the relief sought is appropriate in an action for a declaratory judgment, jurisdiction of which is not conferred upon the Court of Appeals or upon this court, but it is inappropriate in an action for mandamus.")

### III. Conclusion

{¶ 15} For these reasons, we conclude Lewis is entitled to mandamus relief ordering Sheriff McGrath to comply with R.C. 2923.125(D)(2)(b) by issuing a written notice specifying the grounds for the denial of Lewis's CCW application.

{¶ 16} Lewis's remaining claims for mandamus relief are dismissed because he has an adequate remedy at law. Lewis's complaint for declaratory and injunctive relief is dismissed because this Court lacks jurisdiction to address such relief.

{¶ 17} COMPLAINT FOR WRIT OF MANDAMUS GRANTED IN PART AND DENIED IN PART.

{¶ 18} MOTION TO DISMISS GRANTED, IN PART AND DENIED IN PART.

{¶ 19} COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF DISMISSED.

{¶ 20} COSTS TO RESPONDENT.

{¶ 21} IT IS SO ORDERED.


By Andrew J. King, J.

Delaney, P.J. and

Baldwin, J. concur.