[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Smith v. Hamilton Cty. Court of Common Pleas*, Slip Opinion No. 2024-Ohio-2779.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2779

THE STATE EX REL. SMITH, APPELLANT, *v.* HAMILTON COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Smith v. Hamilton Cty. Court of Common Pleas*, Slip Opinion No. 2024-Ohio-2779.]

*Mandamus—Prohibition—A court of common pleas is not sui juris, and suing an entity that is not sui juris is a ground for dismissal—Civ.R. 52 has no application to a long-closed criminal case—New arguments may not be raised on appeal—Prohibition claim did not allege that trial court exercised judicial power unauthorized by law—Court of appeals' judgment granting motion to dismiss affirmed.*

(No. 2024-0028—Submitted May 7, 2024—Decided July 24, 2024.)

APPEAL from the Court of Appeals for Hamilton County, No. C-230585.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Appellant, Edward Smith, filed a complaint for writs of mandamus and prohibition in the First District Court of Appeals against appellee, the Hamilton County Court of Common Pleas (the "trial court"). Smith sought writs ordering the trial court to issue findings of fact and conclusions of law relating to his 1999 murder trial. The trial court filed a motion to dismiss, which the court of appeals granted. Smith appeals that judgment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Smith is currently incarcerated at the Grafton Correctional Institution. In 1999, he was convicted in the Hamilton County Court of Common Pleas of murder with a firearm specification and was sentenced to a prison term of 18 years to life. His conviction was affirmed on direct appeal. *See State v. Smith*, 2000 WL 1643583, *1, 5 (1st Dist. Nov. 3, 2000).

{¶ 3} In November 2023, Smith filed in the court of appeals a verified complaint for writs of mandamus and prohibition against the trial court. He sought writs ordering the trial court to provide findings of fact and conclusions of law relating to a "side-bar decision" made by the trial court during his murder trial. The trial court filed a motion to dismiss, arguing that the trial court is not sui juris and may not be sued in its own right and that Smith had not pleaded valid claims in mandamus or prohibition. The court of appeals granted the motion to dismiss.

{¶ 4} Smith appeals to this court as of right.

## II. LEGAL ANALYSIS

### A. *Smith's motion to hold this appeal in abeyance*

{¶ 5} As an initial matter, Smith filed in this court a "motion to hold direct appeal in abeyance pending the outcome of timely filed Appellate Rule 26(A) motion for reconsideration." Smith had filed a motion for reconsideration in the court of appeals, and he asks this court to stay this appeal until the court of appeals

has decided the motion for reconsideration. The court of appeals, however, denied Smith's motion for reconsideration three days before Smith filed this appeal. We deny as moot Smith's motion to hold this appeal in abeyance.

### B. Merits of the complaint for writs of mandamus and prohibition

{¶ 6} The court of appeals granted the trial court's motion to dismiss Smith's complaint. We review de novo an appellate court's decision to dismiss an action for an extraordinary writ. *See State ex rel. Cherry v. Breaux*, 2022-Ohio-1885, ¶ 8.

{¶ 7} The court of appeals' first reason for granting the motion to dismiss was that the trial court is not sui juris and cannot be sued. The court of appeals is correct. A court of common pleas is not sui juris, and suing an entity that is not sui juris is a ground for dismissal. *Klein's Pharmacy & Orthopedic Appliances, Inc. v. Summit Cty. Court of Common Pleas*, 2024-Ohio-1307; *see also State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 2022-Ohio-4189, ¶ 1, fn. 1.

{¶ 8} The court of appeals granted the motion to dismiss also because Smith had not stated a valid claim in mandamus or prohibition. A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ." *State ex rel. Russell v. Thorton*, 2006-Ohio-5858, ¶ 9; *see also* Civ.R. 12(B)(6).

{¶ 9} Smith sought a writ of mandamus ordering the trial court to provide findings of fact and conclusions of law relating to a "side-bar decision" made by the trial court during his murder trial. To be entitled to a writ of mandamus, Smith must show (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the trial court to grant that relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *Cherry*, 2022-Ohio-1885, at ¶ 8.

**{¶ 10}** Despite having requested a writ ordering the trial court to provide findings of fact and conclusions of law, Smith primarily argues in his merit brief unrelated issues regarding whether the trial court had subject-matter jurisdiction over his murder case or personal jurisdiction over him. Smith's complaint did not request relief based on those issues, and Smith may not present new arguments on appeal. *See State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 18. In his complaint, Smith cited Civ.R. 52 and a case interpreting it, *Walker v. Doup*, 36 Ohio St.3d 229, 230-231 (1988), in support of his requested relief. Civ.R. 52 generally allows parties in civil bench trials to request findings of fact and conclusions of law prior to the court's entry of judgment or within seven days of notice of the court's decision. But as a rule of civil procedure, Civ.R. 52 has no application to a long-closed criminal case such as Smith's murder case. Smith has not stated a valid claim in mandamus.

**{¶ 11}** Smith also seeks a writ of prohibition ordering the same relief he requests in mandamus—that the trial court provide findings of fact and conclusions of law relating to his murder trial. To state a meritorious claim for a writ of prohibition, Smith must allege that (1) the trial court exercised or is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Novak, L.L.P. v. Ambrose*, 2019-Ohio-1329, ¶ 9. Smith's prohibition claim does not allege that the trial court exercised judicial power that is unauthorized by law. He has not stated a valid claim in prohibition.

### III. CONCLUSION

**{¶ 12}** Because it appears beyond doubt that Smith can prove no set of facts entitling him to the requested writs of mandamus or prohibition, we conclude that the First District Court of Appeals properly granted the trial court's motion to

dismiss, and we affirm the judgment of the court of appeals. We deny as moot Smith's motion to hold his appeal in abeyance.

Judgment affirmed.

————————————

Edward Smith, pro se.

Melissa A. Powers, Hamilton County Prosecuting Attorney, and Keith Sauter, Assistant Prosecuting Attorney, for appellee.

————————————