[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cotten v. Frericks*, Slip Opinion No. 2024-Ohio-2778.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2778

THE STATE EX REL. COTTEN, APPELLANT, *v.* FRERICKS, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cotten v. Frericks*, Slip Opinion No. 2024-Ohio-2778.]

*Mandamus—Appellant had adequate remedy in ordinary course of law through appeal—Court of appeals' judgment affirmed.*

(No. 2023-1465—Submitted April 23, 2024—Decided July 24, 2024.)

APPEAL from the Court of Appeals for Marion County, No. 9-23-36.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Appellant, Prince Charles Cotten Sr., filed a complaint for a writ of mandamus in the Third District Court of Appeals against appellee, Marion County Court of Common Pleas Judge Matthew Frericks (the "trial court"). The trial court

had previously denied a habeas corpus petition that Cotten had filed and ordered Cotten to pay costs in that matter. Cotten seeks a writ of mandamus ordering the trial court to vacate the order to pay costs. The trial court filed a motion to dismiss, which the court of appeals granted. Cotten appeals that judgment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Cotten is an inmate at the Marion Correctional Institution. Cotten alleged in his mandamus complaint that he was the petitioner in a habeas corpus action that he had filed in the trial court and that the trial court had ordered him to pay costs, fines, and fees in that matter. He requested a writ of mandamus ordering the trial court to "vacat[e] all costs of court, fines, fees, etc." that he had been ordered to pay. He argued that as an indigent inmate, he is exempt from paying such costs, fines, or fees.

{¶ 3} The trial court filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted. The court of appeals granted the motion to dismiss, finding that Cotten had an adequate remedy in the ordinary course of the law to challenge any order to pay costs, fines, or fees in the habeas corpus matter through appeal from the judgment in that matter.

{¶ 4} Cotten appeals to this court as of right.

## II. LEGAL ANALYSIS

### A. *Trial court's motion to dismiss*

{¶ 5} After the trial court's time to file a merit brief in this appeal expired, *see* S.Ct.Prac.R. 16.03, the trial court filed a motion to dismiss the appeal. In that motion, the trial court argued the merits of the appeal. The motion to dismiss is, in reality, an untimely merit brief. We deny the motion.

### B. *Merits of the mandamus complaint*

{¶ 6} We review de novo an appellate court's decision to dismiss a mandamus action. *State ex rel. Cherry v. Breaux*, 2022-Ohio-1885, ¶ 8. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim

upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 9. To be entitled to a writ of mandamus, Cotten must show (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the trial court to grant that relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *Cherry* at ¶ 8.

**{¶ 7}** Because the trial court failed to file a merit brief, we may affirm the court of appeals' judgment if Cotten's brief does not reasonably appear to sustain reversal of the judgment. *See* S.Ct.Prac.R. 16.07(B); *see also State ex rel. Martre v. Cheney*, 2023-Ohio-4594, ¶ 11.

**{¶ 8}** Cotten seeks a writ of mandamus ordering the trial court to vacate any "costs of court, fines, fees, etc." that the trial court imposed in his habeas corpus case. Cotten argues that as an indigent inmate, he is exempt from paying such costs, fines, or fees. Cotten, however, could have challenged any order to pay costs, fines, or fees in the habeas corpus matter through an appeal from the judgment in that matter. "An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ." *Shoop v. State*, 2015-Ohio-2068, ¶ 8. Parties to a case may appeal an award or a denial of an award of costs and fees. *See Pegan v. Crawmer*, 79 Ohio St.3d 155, 156 (1997) (appeal of award of costs and attorney fees in a habeas corpus case); *State ex rel. R.T.G., Inc. v. State*, 2002-Ohio-6716, ¶ 71, 73 (reversing denial of award of costs and attorney fees in a mandamus case). Cotten does not specify what "fines" he is seeking to vacate, but generally, a court's imposition of a fine may be appealed. *See Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 254-255 (1980) (appeal of fine imposed in a contempt proceeding); R.C. 2929.18 and 2929.28 (fines may be imposed as part of a criminal sentence). Because Cotten had an adequate remedy in the ordinary course of the

law to challenge any costs, fines, or fees by way of appeal from the judgment in the habeas corpus case, he is not entitled to a writ of mandamus.

{¶ 9} In addition, Cotten argues under three propositions of law that the trial court and the court of appeals violated the Ohio Rules of Professional Conduct. Cotten's arguments are difficult to understand, but it is clear that they do not show that the court of appeals erred or that he is entitled to a writ of mandamus.

### III. CONCLUSION

{¶ 10} Because it appears beyond doubt that Cotten can prove no set of facts entitling him to the requested writ of mandamus, we conclude that the Third District Court of Appeals properly granted the trial court's motion to dismiss, and we affirm the court of appeals' judgment. We deny the trial court's motion to dismiss Cotton's appeal.

Judgment affirmed.

_____

Prince Charles Cotten Sr., pro se.

Raymond A. Grogan Jr., Marion County Prosecuting Attorney, and William J. Owen, Assistant Prosecuting Attorney, for appellee.

_____